UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NOE QUINONEZ CABRERA,

    Plaintiff,

v.                                              Case No. 1:18-CV-52

RPE PAINTING LLC and                    HON. GORDON J. QUIST
ROBERT PAUL EMERT,

    Defendants.
_____/

## MEMORANDUM REGARDING MOTION
## FOR DEFAULT JUDGMENT AND DISMISSING
## AMENDED COMPLAINT WITHOUT PREJUDICE

### *Background*

Plaintiff, Noe Quinonez Cabrera, claims that RP Painting and Robert Petrick violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* and the Workforce Opportunity Wage Act, M.C.L. § 408.411 *et seq.*, by failing to pay Cabrera an overtime rate of 1.5 times Cabrera's regular rate for hours worked in excess of forty hours during a workweek and by failing to pay him for regular hours worked. (ECF No. 1.) Cabrera also alleged that Defendants failed to pay him for "side work" that he had performed. RP and Petrick subsequently appeared through counsel and filed a motion to dismiss, alleging that they were not Cabrera's employer. (ECF Nos. 9 and 10.) Thereafter, the parties agreed to stay the case in order to sort out the matter. Subsequently, on April 5, 2018, Cabrera filed an amended complaint naming the present Defendants, RPE Painting LLC and Robert Paul Emert, and dropping RP and Petrick. (ECF No. 17.)

Cabrera served RPE by making service on the Corporations Division of the Michigan Corporations, Securities & Commercial Licensing Bureau on June 21, 2018. (ECF No. 42 at PageID.171.) On July 30, 2018, the Clerk entered a default against RPE for failure to plead or otherwise defend within the required time. (ECF No. 33.) Cabrera was unable to serve Emert by the usual methods of service. Accordingly, the Court ordered that Cabrera substitute service on Emert by publication. (ECF No. 34.) On November 8, 2018, the Clerk entered a default against Emert for failure to plead or otherwise defend. (ECF No. 37.)

Cabrera moves for entry of a default judgment against Defendants, in which he requests a total of $9,412.00 for unpaid wages for overtime hours based on the difference between his regular hourly rate and the premium overtime rate of time and one-half; unpaid wages at his regular rate; and unpaid wages for side jobs. (ECF No. 42 at PageID.172.) In particular, he requests $2,430.00 for 243 hours of overtime differential at his hourly rate of $20.00; $572.00 for 52 hours of overtime differential at his hourly rate of $22.00; $935.00 in unpaid wages for 42.5 hours of straight time at his hourly rate of $22.00; and $5,475.00 for ten side jobs. (*Id.*) In addition, Cabrera requests $9,412.00 in liquidated damages pursuant to 29 U.S.C. § 216(b). Finally, Cabrera requests an award of attorney's fees in the amount of $4,112.50, also pursuant to 29 U.S.C. § 216(b).

## *Standard*

It is well established that once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability.[1] *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995); *Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir.

---

[1] Pursuant to the Court's May 14, 2019, Order (ECF No. 41), Cabrera has submitted a declaration of counsel establishing that Emert, an individual, is not in active military service. (ECF No. 42 at PageID.171, 175.) After reviewing counsel's affidavit, the Court is satisfied that Emert is not in the military service.

1993). However, the amount of damages must still be proved, either by testimony of the plaintiff at a hearing or through an affidavit from the plaintiff. *Antoine*, 66 F.3d at 110–11.

Even when a default is entered pursuant to the Federal Rules of Civil Procedure, a plaintiff is not automatically entitled to a default judgment. *See DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (stating that before granting a default judgment, "the court must consider whether the allegations in the amended complaint—and the reasonable inferences derived therefrom—state a claim for relief"). More specifically, a court may not enter default judgment upon a legally insufficient claim. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). *See also Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.").

### *Analysis*

Pursuant to the FLSA, an employer who is "engaged in interstate commerce" is required to pay its employees overtime compensation of one and one-half times his or her regular rate of pay for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a). In addition, "[t]he FLSA requires . . . employers to pay employees engaged in commerce a wage consistent with the minimum wage." *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015). An employee is eligible for these benefits only if he can show that he is covered under the FLSA, either through "enterprise coverage" or "individual coverage." *Jones v. Safeway Muffler Serv. Ctr., Inc.*, No. 18-CV-10208, 2019 WL 670073, at *2 (E.D. Mich. Feb. 19, 2019.)

To establish that an employer is an "enterprise engaged in interstate commerce," 29 U.S.C. § 207(a)(1), an employee must show that the employer "has employees engaged in commerce or in the production of goods for commerce, or that [it] has employees handling, selling, or otherwise

working on goods or materials that have been moved in or produced for commerce" and "whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1). "'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

Cabrera's allegations regarding enterprise coverage are insufficient to withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). To comply with Rule 8(a)(2)'s "short and plain statement of the claim" requirement, a plaintiff need not allege extensive details, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974.

Although Cabrera alleges that "Defendant RPE Painting is an enterprise engaged in commerce or in the production of goods for commerce, as defined by FLSA," (ECF No. 17 at PageID.52), his allegations are insufficient under *Twombly* for two reasons. First, the only facts that Cabrera alleges about RPE's business is that it was a painting company that employed Cabrera as a painter. These bare facts provide no explanation of why or how RPE engaged in commerce or produced goods for commerce. *See Topp v. Lone Tree Athletic Club*, No. 13-cv-01645-WYD-KLM, 2014 WL 3509201, at *6–7 (D. Colo. July 15, 2014) (adopting magistrate judge's recommendation that the plaintiff's motion for entry of default judgment be denied, in part, because the plaintiff's allegations were "mere labels and conclusions," particularly because the complaint failed to allege why or how the defendant's athletic club engaged in commerce). The necessity of some factual

4

content relating to how RPE Painting engaged in commerce is particularly important in the instant case because, in general, courts have held that painting businesses that perform work wholly within a state do not qualify as an enterprise for purposes of the FLSA. For example, *Morales v. M & M Painting & Cleaning Corp.*, No. 07-23089-CIV, 2008 WL 4372891 (S.D. Fla. Sept. 24, 2008), concluded that a painting company was not subject to enterprise coverage where the plaintiffs painted buildings solely within the state and there was no evidence that the company bought paint manufactured outside the state for resale or that the company was not the end-user or ultimate consumer of the paint. *Id.* at *4. Similarly, *Carroll v. Pro Tech Paint & Body, Inc.*, No. 6:09-cv-1522-Orl-31DAB, 2009 WL 3762879, at *1 (M.D. Fla. Nov. 9, 2009), concluded that the plaintiff, a painter who did all of his work in a particular county, failed to show that the defendant was a covered enterprise. *See also Gil v. Frantzis*, No. 17-CV-1520-ARR-SJB, 2018 WL 4522094, at *6 (E.D.N.Y. Aug. 17, 2018) (concluding that "painting and gardening" did not entail engaging in commerce for purposes of individual coverage or entity coverage under the FLSA). In short, because all we know about RPE Painting's business is that it offered some type of painting services, Cabrera fails to meet *Twombly*'s plausibility requirement. Second, Cabrera completely omits any allegation that Defendants had annual gross sales of at least $500,000. Thus, Cabrera fails to allege a key element of enterprise coverage.

In order to allege individual coverage, a plaintiff must allege that "he is '(1) engaged in commerce or (2) engaged in the production of goods for commerce.'" *Jones*, 2019 WL 670073, at *2 (quoting *Thorne v. All Restoration Serv., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) and citing *Kowalski v. Kowalski Heat Treating, Co.*, 920 F. Supp. 799, 803 (N.D. Ohio 1996)). Here, Cabrera alleges that he engaged in commerce and engaged in the production of goods for commerce. (ECF No. 17 at PageID.53.) Like his allegations regarding enterprise coverage, Cabrera provides nothing

5

more than labels and conclusions regarding individual coverage. Painting—presumably of houses or other structures, as Cabrera does not tell us what it is that he paints—is not inherently an activity that is in, or part of, commerce. Hence, there is no basis to infer that painting is an activity in commerce. And Cabrera does not allege what good he produces for commerce or how his painting can be a good in commerce. As with enterprise coverage, courts have routinely found that painting done within a state does not qualify for individual coverage. In *Pino v. Painted to Perfection Corp.*, 563 F. App'x 764 (11th Cir. 2014) (per curiam), the Eleventh Circuit concluded that the plaintiff's work painting yachts did not qualify for individual coverage. Although the plaintiff argued that he was engaged in commerce because the boats he worked on had foreign registries, he spoke with captains of boats with foreign registries, and the owner of the company traveled out of state to work on boats, the court noted that the plaintiff never traveled out of state, and it said that the fact that the boats moved in interstate commerce at some point did not show that the plaintiff directly participated in the actual movement of goods in interstate commerce. *Id.* at 767. The court further observed that "the act of painting boats is purely intrastate activity." *Id.* Here, Cabrera does not even allege that whatever he paints moves in interstate commerce, which, as *Pino* establishes, would not be sufficient to establish individual coverage. *See Jones*, 2019 WL 670073, at *3 (concluding that the plaintiff's activities of servicing cars which traveled in interstate commerce, ordering parts from outside the state, and using parts that previously traveled in interstate commerce were not enough to establish individual coverage). Cabrera's conclusory allegations provide no basis for a default judgment. *See Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895-LDH-SJB, 2018 WL 3742696, at *6–7, 11 (E.D.N.Y. May 18, 2018) (concluding that the plaintiffs' allegations that they worked at a bodega and opened and closed the store, received deliveries,

checked out customers, operated the cash register, and stocked inventory were too "bare bones" to establish individual coverage and recommending denial of a default judgment).

In light of the foregoing, Cabrera's allegations fail to state a claim because they are too conclusory to establish enterprise or individual coverage under the FLSA.[2] Accordingly, the Court concludes that the FLSA claims should be dismissed without prejudice.

As for Cabrera's Workforce Opportunity Wage Act claim, the Court must decide whether to exercise supplemental jurisdiction. Cabrera does not allege diversity jurisdiction, and the amended complaint discloses that diversity jurisdiction could not exist because Cabrera and Defendants are citizens of Michigan. Thus, the Court must consider whether it should exercise its discretion to dismiss the state-law claim without prejudice pursuant to 28 U.S.C. § 1367(c)(3). "Courts have generally found that where an FLSA claim is dismissed, declining to exercise supplemental jurisdiction over remaining state-law claims is appropriate." *Payamps*, 2018 WL 3742696, at *11; *see also Fujiwara v. EOS Accountants, LLP*, No. 14-cv-14057, at *4 (E.D. Mich. Aug. 19, 2015) (declining to exercise supplemental jurisdiction over state-law claims after

---

[2] Apart from failing to state a claim under the FLSA, Cabrera does not properly support his motion for default judgment. Cabrera did not submit his own affidavit to provide a basis for damages. Instead, he submitted an affidavit of counsel, who does not purport to have personal knowledge of the facts forming the basis of Cabrera's claimed damages. *See Credit Lyonnais Secs. (USA), Inc. V. Alcantara*, 183 F.3d 151, 154–55 (2d Cir. 1999) (noting that the allegations in the complaint and an affidavit from the plaintiff's counsel who did not purport to have personal knowledge of the facts was "insufficient evidence upon which to enter the amount of the judgment"); *Am. Servs. & Prot., Inc. v. Speed Commerce Corp.*, No. 2:17-cv-122, 2017 WL 7520617, at *1 (S.D. Ohio June 29, 2017) ("Because counsel's affidavit is not based on personal knowledge of the purported contract between Plaintiff and Defendant or the amount of damages incurred by Defendant's alleged breach of the contract, . . . it is insufficient evidence of the appropriate sum to be awarded."). Moreover, even if the Court could consider counsel's affidavit, it appears that Cabrera may be claiming amounts for "pure gap time"—hours worked less than 40 hours in a workweek where the employee has not worked any overtime. *See Athan v. U.S. Steel*, 364 F. Supp. 3d 748, 754 (E.D. Mich. 2019). "According to the vast majority of cases, one cannot bring an action under the FLSA for 'gap time' in the absence of overtime work and in the absence of an allegation that the average wage falls below the federal minimum wage." *Id.* (brackets omitted). Here, Cabrera's counsel says that Defendants owe Cabrera $935 for 42.5 hours of work at his hourly rate of $22.00 an hour, without any explanation of how or why his wages during the particular workweek fell below the federal minimum wage.

7

dismissing FLSA claim). In light of the dismissal of Cabrera's FLSA claim, the Court declines to exercise supplemental jurisdiction over Cabrera's state-law claim.

## *Conclusion*

For the foregoing reasons, the Court will deny Cabrera's motion for entry of default judgment, dismiss Cabrera's FLSA claim without prejudice, and decline to exercise supplemental jurisdiction over Cabrera's state-law claim.

A separate order will enter.


Dated: June 27, 2019             /s/ Gordon J. Quist
                                GORDON J. QUIST
                           UNITED STATES DISTRICT JUDGE